**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                 Case No. 09-C-1016

WELLS FARGO BANK, NA, and

CERTAIN REAL PROPERTY
commonly known as
21105 116th STREET,
BRISTOL, WISCONSIN, and

CERTAIN REAL PROPERTY
commonly known as
A PARCEL OF VACANT LAND
IDENTIFIED AS LOT 16,
212th AVENUE, BRISTOL, WISCONSIN

    Defendants.

---

# **DECISION AND ORDER**

---

On October 28, 2009, the United States filed this forfeiture complaint against the defendants, alleging that the claimant Janina Panszczyk and her husband, Kazimierz Panszczyk, purchased the two defendant real properties at issue with drug proceeds. Subsequently a verified claim and answer to the complaint was filed. On August 17, 2010, default judgment was entered by United States District Judge Lynn Adelman in favor of the United States and against Kazimierz Panszczyk. Accordingly, the court ordered that Kazimierz Panszczyk's interest in the defendant properties were forfeited to the United States.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was

assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

The government has filed the following motions: 1) motion to compel claimant Janina Panszczyk's Answers to Interrogatories and Responses to Production of Documents (Docket #40); 2) motion to amend/correct verified complaint (Docket #44); and 3) motion to compel claimant Janina Panszczyk's responses to second set of interrogatories. (Docket #47). The government's motion to amend/correct the verified complaint will be addressed herein. The remaining motions will be addressed at a later time.

## **MOTION TO AMEND/CORRECT THE COMPLAINT**

The government seeks leave to amend the complaint to allege that the defendant properties are subject to forfeiture not only because they were purchased in part with drug proceeds, but also because they were bought with proceeds from dealing in stolen property and money laundering and because the 21105 116th Street property was obtained in part through mortgage loan fraud. The government asserts that granting leave to amend would not prejudice claimant Janina Panszczyk since discovery is still ongoing. The government further maintains that permitting the amendment of the complaint would serve the ends of justice by allowing the case to be decided on the merits. Neither claimant Janina Panszczyk nor defendant Wells Fargo Bank have filed a response to the government's motion.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).  Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a substantial reason to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." Select Creations, Inc. v. Paliafito America, Inc., 830 F. Supp. 1213, 1216 (E.D. Wis. 1993).  If a motion to file an amended complaint is granted, the amended complaint supersedes the prior complaint.  See Duda v. Board of Ed. of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998).

In this case, there is no indication that the government has been dilatory or has unduly delayed filing a motion to amend the complaint.  The government asserts that it obtained the criminal investigative file pertaining to Kazimierz Panszczyk from the Chicago Division Office of the Drug Enforcement Administration (DEA) following Mr. Panszczyk's conviction and also obtained additional documents on September 22, 2010, from Wells Fargo Home Mortgage, the lien holder on the defendant 21105 116th Street property.  According to the government, the documents from Wells Fargo Home Mortgage show that the Panszczyks obtained the mortgage loan on the property by making false and fraudulent statements and by submitting what appear to be falsified tax returns in support of their mortgage loan application.

Allowing amendment of the complaint would not unduly prejudice the defendants or claimant Janina Panszczyk since discovery is still ongoing in the case.  Therefore, considering

the relevant factors, the court concludes that the plaintiff's motion to amend the verified complaint should be granted

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to amend/correct the verified complaint be and hereby is **granted**. (Docket #44).

Dated at Milwaukee, Wisconsin this 16th day of November, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge